**RECEIVED**

FEB 1 7 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

MANUEL RAMOS                                    CIVIL ACTION NO. 13-2861

VERSUS                                          JUDGE DOHERTY

SWIFTSHIPS SHIPBUILDERS, LLC                    MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Pending before this Court are the following motions: (1) Cross Motions for Summary Judgment on Plaintiff's Detrimental Reliance Claim, filed by plaintiff Manuel Ramos and defendant Swiftships Shipbuilders, LLC, respectively [Docs. 71 & 73]; and Motion for Award of Damages [Doc. 72] filed by the plaintiff. The plaintiff has also filed two Motions for Leave to File Reply Briefs [Docs. 77 & 80], both of which are herein GRANTED. For the following reasons, the plaintiff's Motion for Summary Judgment on the Detrimental Reliance Claim [Doc. 71] is GRANTED; Swiftships' Motion Summary Judgment on the Detrimental Reliance Claim [Doc. 73] is DENIED; and the plaintiff's Motion for Award of Damages [Doc. 72] is GRANTED, all as more particularly discussed hereinbelow.

## I.    Factual and Procedural History

The facts of this case have been exhaustively set forth in previous rulings by the Court. The following facts are undisputed as best this Court can determine from the filings of the parties:

1.    Swiftships Shipbuilders, LLC is the shipbuilding arm and subsidiary of Swift Group, LLC, a Louisiana-based company with annual revenue of approximately $50,000,000.00.

2.      Calvin Leleux is Swiftships' chairman.  Beginning in the late 1970s, Swiftships began to do substantial business in Venezuela and was represented there by members of the von Fedak family.  In 2000, Swiftships' representative and senior member of the von Fedak family died.  Thereafter, that representative's son, Jorge von Fedak, began to represent Swiftships in Latin America.

3.      In 2004, Mr. von Fedak, pursuant to a power of attorney from Swiftships, retained plaintiff Manuel Ramos, a Venezuelan attorney, to represent Swiftships in a lawsuit Swiftships filed against a company named DIANCA.

4.      Pursuant to Venezuelan law, Mr. Ramos's legal fees were to be fixed by statute. According to the parties, in contractual disputes such as the lawsuit Swiftships filed against DIANCA, attorneys' fees are set based on the size of the claim. Consequently, the attorney for a party in a contractual dispute need not negotiate the fee with the client, because the fee is determined by statute.

5.      Mr. Ramos represented Swiftships in the DIANCA matter for more than five years, making at least 16 court appearances; filing 20 to 30 voluminous pleadings, in three different tribunals; negotiating with a wide variety of individuals; and vigorously representing his client.  Several months after concluding his representation of Swiftships, and after repeated requests for payment, Mr. Ramos filed a claim against Swiftships in Venezuela for his attorney's fees.

6.      After negotiations, a settlement agreement was signed by Mr. Leleux on January 9, 2013 and by Mr. Ramos on January 11, 2013.[1]

On August 21, 2015, after briefing by the parties, this Court ruled that Ramos proved the essential elements of a breach of contract claim and was entitled to summary judgment on this claim. However, because of peculiarities in the original briefing on plaintiff's motion for summary judgment, this Court did not award damages at that time.  The plaintiff now also seeks judgment as a matter of law in his favor on the detrimental reliance claim, and defendant has filed a cross motion for summary judgment on the same claim.  Considering the foregoing, the Court now considers the detrimental reliance claim and the claim for an award of damages.

---

[1] A copy of the Settlement Agreement is attached to plaintiff's Motion for Partial Summary Judgment as Exhibit "G," Doc. 49.

2

## II.   Law and Analysis

### A.   Summary Judgment Standard

"A party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for summary judgment in the parties favor as to all or any part thereof." Fed. R. Civ. Pro. 56(b).  Summary judgement is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response by affidavits or is otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Pro. 56(e)

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

3

The Supreme Court has instructed:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."
>
> [. . . .]
>
> . . . In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial." The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. *Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.*

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884, 888-89 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(emphasis added)).

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)(citations and internal

quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

B.   **Cross motions for summary judgment on the detrimental reliance claim [Docs. 71 & 73]**

Both the plaintiff and the defendant seek summary judgment on the plaintiff's detrimental reliance claim. It is undisputed that Article 1967 of the Louisiana Civil Code governs the plaintiff's claim for detrimental reliance. Article 1967 states:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

La. Civ. C. art. 1967 (West 2016).

Detrimental reliance requires (1) a representation by conduct or word, (2) justifiable reliance on the representation, and (3) a change in position to the plaintiff's detriment as a result of the reliance. The doctrine is "designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Suire v. Lafayette City-Parish Gov't*, 907 So.2d 37, 59 (La. 2005), *citing Lakeland Anesthesia, Inc. v. United Healthcare of La., Inc.*, 871 So.2d 380, 393 (La. App. 4th Cir.), *writ denied*, 876 So.2d 834 (La. 2004); *Babkow v.*

5

*Morris Bart, PLC*, 726 So.2d 423, 427 (La. App, 4th Cir. 1998). Significantly, to prevail on a detrimental reliance claim, Louisiana law does not require proof of a formal, valid, and enforceable contract. *Suire*, 907 So.2d at 59; *Babkow*, 726 So.2d at 429, *citing Morris v. People's Bank & Trust Co.*, 580 So.2d 1029 (La. App. 3rd Cir.), *writ denied*, 588 So.2d 102 (La.1991). The doctrine usually, but not always, functions when no written contract or an unenforceable contract exists between the parties.[2]

After consideration of the arguments of the parties, this Court concludes the plaintiff has satisfied his burden to show there are no genuine issues of material fact with respect to his detrimental reliance claim. The first element – a representation by conduct or word – is satisfied by the existence of the signed settlement agreement between the parties. This Court has already concluded this settlement agreement is a valid and binding contract, which bound Swiftships to pay to the plaintiff $500,000.00 in settlement of the plaintiff's claims. The second element – justifiable reliance on the representation – is satisfied by the plaintiff's expectation that he would be paid per the terms of the binding settlement agreement. Indeed, there is no factual dispute between the parties regarding this element. Finally, there are no factual disputes regarding the third element -- a change in position to the plaintiff's detriment as a result of the reliance – this Court having already determined that Swiftships has paid no amounts due under the agreement, an obvious change in the position of Mr. Ramos vis-a-vis Swiftships. Indeed, not only did the plaintiff not receive the monies due under the settlement agreement, he suspended his lawsuit in Venezuela (which sought a far

---

[2] This Court notes a claim for breach of contract does not preclude a claim for detrimental reliance. *See, e.g., Jackson v. Lare*, 779 So.2d 808, 813 (La. App. 2nd Cir. 2000) (allowing claims for both breach of contract and detrimental reliance to proceed); *see also Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs, Inc.*, 293 F.3d 912 (5th Cir. 2002) (appellate court affirmed decision of district court, which found for the plaintiff on breach of contract claim and detrimental reliance claim based on the same facts).

greater sum), knowing it would be dismissed by operation of law.  Considering the foregoing, this Court concludes the plaintiff has presented sufficient evidence and argument showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law on his claim of detrimental reliance.  In contrast, this Court concludes Swiftships simply fails to satisfy its burden on its cross-motion for summary judgment on the same claim.

Considering the foregoing, IT IS ORDERED that the plaintiff's Motion for Summary Judgment on Plaintiff's Detrimental Reliance Claim [Doc. 71] is GRANTED, and Swiftships Motion for Summary Judgment on Plaintiff's Detrimental Reliance Claim [Doc. 73] is DENIED.

**C.     Motion for award of damages [Doc. 72]**

Although this Court has found Swiftships breached its contract with Mr. Ramos, damages have not been awarded in this matter for the reasons noted above.[3]  The Court now takes up the matter of damages.

In his motion, the plaintiff argues he is entitled to not only *actual damages* – the amount due under the settlement agreement, i.e., $500,000.00 – but also to damages under Article 1995 of the Louisiana Civil Code, which provides that "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived." Specifically, the plaintiff argues he is entitled to $1,526,359.14, this amount reflecting the difference between the amount sought in his lawsuit filed in Venezuela -- in which he sought $2,026,359.14 -- and the amount due under the settlement agreement, that is, $500,000.00.  The plaintiff's argument concerning lost profits as follows:

> In January 2013, Ramos and Swiftships entered into a settlement agreement, whereby Swiftships agreed to pay Ramos $500,000.00 to resolve the litigation. This release was expressly provided for in the settlement agreements; accordingly, the loss that

---

[3] Mr. Ramos argues damages and factual proof for both claims, breach of contract and detrimental reliance, would be the same, but that damages can only be awarded once.  Swiftships does not dispute this assertion.

Ramos sustained from releasing this lawsuit for $2,026,359.14, in exchange for $500,000, was reasonably foreseeable to Swiftships. As a consequence of Swiftships' breach of contract, Ramos lost his ability to pursue his lawsuit against Swiftships for the full amount of his claim, $2,026,359.14. Less the $500,000 that Ramos sustained in *actual* damages, Swiftships's breach caused $1,526,359.14 in damages to Ramos.

The settlement agreement in the instant case clearly provides the following:

3.     <u>Acceleration</u>: In the event of default in the payment of any of the said installments by Swiftships of over 30 days when due as herein provided . . . Dr. Ramos may . . .***declare the entire sum then unpaid immediately due and payable, together with all interest thereon and fees and out of pocket expenses resulting in the enforcement of this clause.***"[4]

In its opposition brief, Swiftships concedes the plaintiff is entitled to – at a minimum – the amount due under the settlement agreement, *i.e.*, $500,000.00, plus attorney's fees and interest. However, Swiftships argues the plaintiff is entitled to <u>no more than</u> $500,000.00, and specifically argues the plaintiff is not entitled to "lost profits" damages under Article 1995. Swiftships argues if this Court were to award lost profits, the "settlement agreement would be null and void." Swiftships goes on to argue that "[b]y agreeing to the settlement agreement, all Mr. Ramos had to do was bring in the settlement agreement and provide that it was a valid contract and he would be entitled to $500,000."

"Lost profits are usually considered part of actual damages suffered, not punitive damages, and are a typical remedy in breach of contract cases." *Ingraham v. Planet Beach Franchising Corp.*, 2009 WL 1076713, *2 (E.D. La. Apr. 17, 2009) (J. Berrigan), *citing Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001, 1007 (5th Cir. 1981). "As a general rule damages for loss of profits may not be based on speculation and conjecture; however, such damages need be proven only within reasonable certainty. Broad latitude is given in proving lost profits because this element

---

[4] *See* "Confidential Settlement Agreement and Release," attached as Exhibit "10" to Doc. 49, plaintiff's previously-filed motion for summary judgment (emphasis added).

of damages is often difficult to prove and mathematical certainty or precision is not required."

*Brecheen v. News Grp., L.P.*, 105 So. 3d 1011, 1029-30 (La. App. 5th Cir. 2012), *citing La Louisiane*

*Bakery Co., Ltd. v. Lafayette Ins. Co.,* 61 So.3d 17, 34 (La. App. 5th Cir. 2011), *writ denied sub nom.*

*La Louisiane Bakery Co., Ltd. v. Lafayette Ins. Co.,* 62 So.3d 95 (La. 2011). "[T]he absence of

independent, corroborating evidence [of the lost profits] may not be fatal to the plaintiff's burden of

proof." *Id.* at 1030 (internal quotation marks and citations omitted).

The plaintiff argues the inclusion of loss of compensation damages in this case is important,

because

> without it, Swiftships will have gained a favorable settlement to Ramos's original
> claim against it, and then flouted its obligations under that agreement for nearly three
> years, without consequence. In other words, it will only have to pay the amount it
> originally was supposed to pay, together with interest, costs, and fees for enforcing
> the contract—expenses that were incurred by Ramos. Swiftships has been able to
> gain the advantage of the use of this sum of money for an additional three years,
> without suffering any consequences for its actions— meaning that Ramos would not
> be placed in the position that he was before Swiftships's breach.[5]

In the instant case, there is no dispute that Mr. Ramos acted as Swiftships' attorney in

Venezuela for many years, and that Swiftships never paid Mr. Ramos for that work. However, this

Court cannot be certain the plaintiff would have recovered the entirety of the amount he sought in

Venezuela. Indeed, the plaintiff himself put a settlement value on the amount of his claim against

Swiftships by the settlement reached, and that value was $500,000.00, and within the contract of

settlement, damages were addressed if Swiftships failed to honor its contractual obligations. This

Court is mindful of plaintiff's argument that Swiftships should not be rewarded for its blatant

disregard of its contractual obligations and the fact Swiftships had use of the funds and the plaintiff

---

[5] *See* plaintiff's Motion for Award of Damages, Doc. 72, at p. 4.

did not for a considerable period of time, as well as the fact that the plaintiff had to expend funds on attorneys to realize that which it was owed. This Court sympathizes with the plight of the plaintiff. However, the contract of settlement addressed what was to result if Swiftships did not honor its contractual obligation. Pursuant to the language of the contract that plaintiff and Swiftships negotiated and to which the plaintiff agreed, immediate payment in full, as well as attorney's fees and full costs and interest, were to flow upon Swiftships' not honoring its contractual obligation.

Additionally, this Court, also, is mindful that damages for loss of profits may not be based on speculation and conjecture. *Brecheen v. News Grp., L.P.*, 105 So. 3d 1011, 1029-30 (La. App. 5th Cir. 2012), *citing La Louisiane Bakery Co., Ltd. v. Lafayette Ins. Co.,* 61 So.3d 17, 34 (La. App. 5th Cir. 2011), *writ denied sub nom. La Louisiane Bakery Co., Ltd. v. Lafayette Ins. Co.,* 62 So.3d 95 (La. 2011). This Court acknowledges the difficult burden plaintiff would likely have had in the Venezuelan court, to obtain the full amount alleged, however, this is often the case. Nonetheless, here, the contract, itself, specified what damages were to flow if Swiftships failed to meets its contractual obligation. Indeed, had the parties wished to contract for an award of lost profits, particularly given Swiftships' history with the plaintiff, it could have negotiated such an award into the settlement agreement. Here, the contract allows for immediate payment in full, as well as an award of interest from the date of breach of the settlement agreement, attorney's fees, and "out of pocket expenses," i.e., the costs of litigation.

Whether the plaintiff could have established the requisite showing that he, also, lost profits, of the amount pled in the Venezuelan court, is not the question now before the Court. Rather, this Court finds the parties, with full knowledge of each party's history, entered into a contract which specified the damages for the type of breach now before the Court and this Court must look first to

that agreement.

This Court finds the plaintiff has carried his burden to establish the requisite breach, the loss of use of the funds agreed to in the settlement, and the need for litigation to enforce the obligation to which Swiftships, itself, agreed. Considering the foregoing, IT IS ORDERED that the plaintiff's Motion for Award of Damages [Doc. 72] is GRANTED to the extent the plaintiff seeks, as damages, immediate payment of $500,000.00, together with costs and "all interest thereon[,] and attorney's fees and out of pocket expenses resulting in the enforcement of" the settlement agreement, but is DENIED to the extent the plaintiff seeks lost profits.

1.    **Attorney's fees and costs; interest**

**Attorney's Fees and Costs**

The plaintiff seeks attorney's fees and costs incurred in the enforcement of the settlement agreement. The Acceleration Clause in the settlement agreement provides the following:

3.    <u>Acceleration</u>: In the event of default in the payment of any of the said installments by Swiftships of over 30 days when due as herein provided . . . Dr. Ramos may . . .**declare the entire sum then unpaid immediately due and payable, together with all interest thereon and fees and out of pocket expenses resulting in the enforcement of this clause."**

(emphasis added).

This Court has concluded the settlement agreement in this matter is a binding and enforceable contract. Therefore, attorney's fees and costs, and out of pocket expenses incurred in the enforcement of the agreement are due and owing, as well as interest on the $500,000.00, and interest as allowed by law on the remainder owed.[6]

---

[6] *See* Article 2000 of the Louisiana Civil Code states, which states:

When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may

The plaintiff argues he is entitled to attorney's fees in the amount of $80,660, this amount being incurred in the enforcement of the settlement agreement.  The plaintiff further argues he incurred $8,824.77 in costs to enforce the settlement agreement. The plaintiff argues costs and fees are substantial in this case because the plaintiff paid for all three depositions taken in this matter, noting Swiftships did not notice any depositions in this case, including the plaintiff's. The plaintiff, also, argues the requested costs include fees for expert witness Manuel Gomez, which plaintiff argues was necessary to his case.

Swiftships does not oppose an award of attorney's fees or costs, furthermore this Court determines the amounts sought for attorney's fees, costs and "out of pocket expenses" are reasonable in light of the effort required by the plaintiff to enforce a valid settlement agreement.  Accordingly, this Court concludes the plaintiff is entitled to $80,660.00 in attorney's fees and $8,824.77 in costs incurred in enforcement of the binding settlement agreement.

### Interest

The settlement agreement's Acceleration Clause also provides for "all interest thereon, as follows."

3.   Acceleration: In the event of default in the payment of any of the said installments by Swiftships of over 30 days when due as herein provided . . . Dr. Ramos may . . .declare the entire sum then unpaid immediately due and payable, together with all interest thereon and fees and out of pocket expenses

---

recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well.

La. Civ. Code art. 2000 (West 2017).

resulting in the enforcement of this clause."[7]

Under Louisiana law, interest is either "legal or conventional."  La. Rev. Stat. §9:3500.

Because the settlement agreement did not specify *a rate* of interest, legal interest fixed at the rate

prescribed by La. Rev. Stat. §13:4202 applies to this case.

Under the terms of the settlement agreement, $100,000.00 was due on January 30, 2013.

Furthermore, the entire sum became due under the settlement agreement in the event of default of

over 30 days.  Under the terms of the settlement agreement, this provision is effective without notice

or demand.  Therefore, interest is owed, as damages, on $100,000.00 from the date that it was due

and owing, January 30, 2013, through March 1, 2013 (30 days after January 30, 2013).  The plaintiff

argues interest on the total sum, $500,000.00, is owed as damages and runs from the 30-day default

date of March 1, 2013, until the date of payment.  This Court agrees.  Swiftships has advanced no

reasonable argument that the foregoing amounts are not due and owing.

With respect to interest on the award of fees and costs, this Court notes the contract is silent

as to this; therefore the Court notes interest on an award of costs and fees does not begin until the

date that judgment is entered, *unless otherwise provided by contract.*  "It has long been the rule that

interest cannot be recovered on a judgment which is silent as to interest," *Smith v. Quarles Drillings*

*Co.,* 885 So. 2d 562, 567 (La. 2004), *citing Factors' & Traders' Ins. Co. v. New Harbor Prot. Co.,*

2 So. 407 (La. 1887).  *See also Sharbano v. Steve Lang & Son Loggers,* 696 So.2d 1382, 1388-89

---

[7] Interest is also available when prayed for.  See, e.g., *Smith v. Quarles Drilling Co.,* 885 So. 2d 562, 565-66 (La. 2004) ("In order to obtain interest on an award, a *litigant* must pray for interest unless interest is allowed by law.").  Article 1921 of the Louisiana Code of Civil Procedure article 1921 provides: "Interest in the judgment shall be awarded as prayed for or as allowed by law."  The plaintiff's Complaint contained a Prayer for Relief which included a prayer for "the full sum of $500,000.00, together with all interest thereon and attorney's fees and expenses incurred with this lawsuit, including general damages, and for all other general and equitable relief warranted."  *See* plaintiff's Complaint, at p. 4.

(La. 1997). This Court finds the contract is silent as to interest *on the award of fees and costs*. Therefore, interest on the award of attorney's fees and costs does not begin to run until the date judgment is entered in this case.

Considering the foregoing, this Court concludes interest is owed as damages as follows:

- interest on $100,000.00 from the date that it is due and owing, January 30, 2013, through March 1, 2013; and

- interest on the total sum, $500,000.00 from the 30-day default date of March 1, 2013 to the date of payment, the amount to be calculated by the parties.

Interest is also owed on costs and fees, totaling $89,484.77, from the date of this judgment to the date of payment.

## III.   Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's Motion for Summary Judgment on Plaintiff's Detrimental Reliance Claim [Doc. 71] is GRANTED, and Swiftships' Motion for Summary Judgment on Plaintiff's Detrimental Reliance Claim [Doc. 73] is DENIED.

IT IS FURTHER ORDERED that the plaintiff's Motion for Award **of Damages** [Doc. 72] is GRANTED to the extent the plaintiff seeks **damages in the amount of $500,000.00, together with costs and "all interest thereon and fees and out of pocket expenses resulting in the enforcement of"** the settlement agreement, as noted above, but is DENIED to the extent the plaintiff seeks lost profits.

Damages are awarded in the amount of:

1.     $500,000.00;

2.     $80,660.00, attorney's fees; and

3.      $8,824.77, costs.

IT IS FURTHER ORDERED that damages are owed, as follows:

4.      Interest on $100,000.00 from the date that it is due and owing, January 30, 2013, through March 1, 2013; and

5.      Interest on the total sum, $500,000.00 from the 30-day default date of March 1, 2013 to the date of payment.

This Court further ORDERS the payment of interest on the above $89,484.77 – awarded as costs and fees – from the date of this judgment to the date of payment.

All interest is to be paid at the rate prescribed by La. Rev. Stat. §13:4202.

It appearing that the instant Ruling disposes of all matters pending before the Court at this time, IT IS ORDERED that the parties shall submit a final judgment, approved as to form and containing full arithmetic calculations of the total damages to be awarded, within ten (10) days of the date of this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana this _17th_ day of February, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE